

**IT IS ORDERED as set forth below:**

Date: September 13, 2022

_____

**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| IN RE | : | CHAPTER 13 |
| | : | |
| MARIE SERONI MCCONNELL | : | CASE NO. 21-41056-PWB |
| | : | |
| Debtor. | : | |
| __ __ __ __ __ __ __ __ __ __ __ | : | __ __ __ __ __ __ __ __ __ __ __ |
| BRANCH BANKING & TRUST | : | |
| COMPANY NOW TRUIST BANK, | : | |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | CONTESTED MATTER |
| | : | |
| MARIE SERONI MCCONNELL, Debtor; | : | |
| and K. EDWARD SAFIR, Trustee, | : | |
| | : | |
| Respondents. | : | |
| | : | |
| | : | |

**CONSENT ORDER**

This matter came on for reset hearing July 27, 2022, on the *Motion for Relief from Automatic Stay* (the "Motion") filed May 6, 2022, by BRANCH BANKING & TRUST

COMPANY NOW TRUIST BANK (the "Movant")(Doc. No. 28). Movant claims a security interest in Debtor's real property: 307 Stewart Dr SW, Calhoun, GA 30701 (the "Collateral").

At the time of the hearing, Debtor was due for $1,733.40 in payments to Movant, through and including the July 2022 payment, as well as $728.00 in attorney fees and costs, for a total arrears of $2,461.40.  The Debtor and Movant having resolved the issues presented by the motion and the Chapter 13 Trustee having expressed no opposition, the parties agree to resolve the Motion subject to the following terms:

1. Debtor shall resume making regular monthly payments (subject to future Notice of Payment Changes if/when required) due on the 22nd of each month, directly to Movant starting with the next payment due on August 22, 2022.

2. Debtor shall cure the remaining arrearage amount of $2,461.40 by making an extra cure payment each month for 11 months beginning August 22, 2022 and ending July 22, 2022. Cure payments for August 2022 through June 2022 will be in the amount of $205.12, and cure payment for July 2022 will be in the amount of $205.08.

3. Debtor shall maintain full coverage homeowner's insurance on the property listing Movant as loss payee and lien holder and shall maintain said insurance under strict compliance for the duration of the loan;

IT IS HEREBY ORDERED that:

4. If payments are not made when due pursuant to Paragraphs 1 and 2 herein above for the next 24 months or Debtor fails to maintain insurance as required by Paragraph 3 for the life of the case (hereinafter the "Delinquency"), then Movant is authorized to provide Debtor and Debtor's counsel with notice to cure the default(s) within ten (10) business days of the date of the notice.  If the default(s) is not cured within the ten (10) day

period, Movant is authorized to file a Delinquency Motion for Relief from Stay, supported by an affidavit detailing the default(s), with service of same upon Debtor and Debtor's counsel.  In such event, Movant is authorized to present an Order for relief from the automatic stay, and the Court may enter such Order vacating the automatic stay imposed under 11 U.S.C. Section 362 without further notice or hearing so as to allow Movant to foreclose its interest in the Collateral under the terms of its loan documents and nonbankruptcy law, secure possession thereof, pursue any legal action required to preserve Movant's right to pursue a deficiency balance and to apply the net proceeds of sale to its claim in this case, and remit to Trustee any remaining sale proceeds. If the disposition results in a deficiency, Movant may amend its claim, if any, filed in this case after completion of the legal action required by state law to  preserve Movant's right to pursue a deficiency balance.   Upon entry of the Order for relief from the automatic stay, the Trustee will cease funding of the claim in relation to this debt. The Order may further provide that 1) that U.S. Bankruptcy Rule  4001(a)(3) and Rule 3002.1 will be waived and 2) that Movant, at its option, has authority to contact Debtor via telephone or written correspondence regarding potential loss mitigation options pursuant to applicable non-bankruptcy law, including loan modifications, deeds in lieu of foreclosure, short sales and/or other potential workouts or loss mitigation agreements.

**[END OF DOCUMENT]**
(Signature of Counsel Appear on the following page)

PREPARED and PRESENTED BY:
The Law Office of
LEFKOFF, RUBIN, GLEASON & RUSSO, P.C.
Attorneys for Movant

By:  /s/        *Andrew D. Gleason*
   Andrew D. Gleason
   Ga. State Bar No. 297122

5555 Glenridge Connector
Suite 900
Atlanta, Georgia  30342
(404) 869-6900
agleason@lrglaw.com


CONSENTED TO:
Saeger & Associates, LLC
Attorney for Debtor

By:  /s/          with express permission
Dan Saeger
    Ga. State Bar No. 680628
706 S Thornton Ave Suite D
Dalton, GA 30720


NO OPPOSITION TO:
Chapter 13 Trustee

By: /s/          with express permission
Brandi L. Kirkland
    Ga. State Bar No. 423627
Office of the Chapter 13 Trustee
Suite 1600
285 Peachtree Center Ave. NE
Atlanta, GA 30303

## DISTRIBUTION LIST

Andrew D. Gleason, Esq.
Lefkoff, Rubin, Gleason & Russo, P.C.
5555 Glenridge Connector
Suite 900
Atlanta, Georgia  30342

Marie Seroni McConnell
307 Stewart Dr SW
Calhoun, GA 30701-7735

Dan Saeger
706 S Thornton Ave Suite D
Dalton, GA 30720

K. Edward Safir
Chapter 13 Trustee
285 Peachtree Center Avenue, NE
Suite 1600
Atlanta, GA 30303