UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| IN RE:<br><br>MARIE SERONI MCCONNELL,<br><br>DEBTOR. | CASE NO. 21-41056-pwb<br><br>CHAPTER: 13<br><br>JUDGE PAUL W. BONAPFEL |
| BANK UNITED, N.A.<br>MOVANT,<br><br>V.<br><br>MARIE SERONI MCCONNELL,<br>DEBTOR,<br><br>K. EDWARD SAFIR,<br>TRUSTEE.<br><br>RESPONDENTS. | **CONTESTED MATTER** |

**DEFAULT MOTION SEEKING ORDER FOR RELIEF FROM AUTOMATIC STAY**

**COMES NOW**, Bank United, N.A. ("**Movant**"), a secured creditor in the above- captioned case and files this Default Motion Seeking Order for Relief from Automatic Stay in accordance with the terms of the Consent Order resolving the Motion for Relief from Automatic Stay ("**Order**") entered on October 25, 2022 (Doc # 35) and moves this Honorable Court to enter an order granting its request for relief from the automatic stay imposed by 11 U.S.C. § 362 as to the real property located at 307 Stewart Drive SW, Calhoun, GA 30701 ("**Property**"). In support of its motion, Movant respectfully shows as follows:

1.

On October 25, 2022, this Court entered an Order requiring the Debtor to resume making the post-petition continuing mortgage Movant as said payments come due (per the Note and Security Deed) beginning October1, 2022 and cure the post-petition delinquency balance of $2,244.17 over nine (9) months, with the "cure payment" due on or before the 15th day of each month. The Order further ordered that Debtor would be under "strict compliance" to make the payments (continuing and cure) timely for twenty-four (24) months, beginning upon the entry of the Order. A copy of said Order is attached hereto as **Exhibit A**.

2.

In compliance with the Order, the Movant sent to the Debtor and Debtor's attorney a Notice of Default Letter and Consent Order on December 30, 2022, providing the Debtor ten (10) days to cure the

default set forth therein. A copy of said letter is attached as **Exhibit B**. The Debtor failed to cure the delinquency.

3.

The Debtor has failed to make payments as required by the Order. As of the date of the Affidavit of Default, attached as **Exhibit C**, the account was past due a total of $**2,253.16**, consisting of three (03) regular monthly payments @ $501.79 for December 01, 2022, through February 01, 2023, four (04) cure payments @ $250.00 for November 15, 2022, through February 15, 2023, less suspense balance in the amount of $252.21.

4.

Accordingly, the Movant is filing this motion, together with a copy of the Consent Order, Movant's, Notice of Default Letter, Affidavit of Default by Movant and a proposed Order and serving the same on the Debtor and Debtor's attorney. Upon presentation to the Court, the Court may enter an order modifying/terminating the automatic stay as to the Property, without further motion, notice or hearing.

5.

Pursuant to the Order, the Trustee shall have twenty (20) days from the filing of this motion to file a Motion to Convert the Case to Chapter 7. If the Trustee fails to timely file a motion, the Court may enter an order modifying/terminating the automatic stay as to the Property, without further motion or hearing.

**WHEREFORE,** Movant prays that after the 20 days, if the Trustee fails to file a Motion to Convert, the Court enter an order:

(1) granting relief from stay;

(2) waiving Rule 4001(a)(3) of the Bankruptcy Code so that it is not applicable in this case and so Movant may immediately enforce and implement this order granting relief from the automatic stay; and,

(3) grant Movant such other and further relief as the Court deems just and proper,

and for such other and further relief as the Court deems just and proper.

Respectfully submitted,
/s/ Laura A. Grifka

Laura A. Grifka (GBN 312055)
Attorney for Movant
MCMICHAEL TAYLOR GRAY, LLC
3550 Engineering Drive, Suite 260
Peachtree Corners, GA 30092
Telephone: (404) 474-7149
Facsimile: (404) 745-8121
E-mail: lgrifka@mtglaw.com
MTG File #: 21-000013-08

**CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth below, I electronically filed the foregoing Default Motion Seeking Order from Relief from Automatic Stay and proposed Order with the Clerk of Court using the CM/ECF system and sent a copy of the pleading, first-class United States mail, postage prepaid, addressed to the recipients not participating in the CM/ECF system. All parties served are as follows:

**VIA U.S. MAIL:**
Marie Seroni McConnell
307 Stewart Dr SW
Calhoun, GA 30701-7735

**VIA CM/ECF:**
Dan Saeger
Saeger & Associates, LLC
Suite D
706 S Thornton Ave
Dalton, GA 30720

K. Edward Safir
Standing Chapter 13 Trustee
Suite 1600
285 Peachtree Center Ave. NE
Atlanta, GA 30303

Date: March 03, 2023

Respectfully submitted,
/s/ Laura A. Grifka
Laura A. Grifka (GBN 312055)
Attorney for Movant
MCMICHAEL TAYLOR GRAY, LLC
3550 Engineering Drive, Suite 260
Peachtree Corners, GA 30092
Telephone: (404) 474-7149
Facsimile: (404) 745-8121
E-mail: lgrifka@mtglaw.com
MTG File #: 21-000013-08

# EXHIBIT A




**IT IS ORDERED as set forth below:**

**Date: October 25, 2022**

**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | |
|---|---|
| IN RE:<br><br>MARIE SERONI MCCONNELL,<br><br>DEBTOR. | CASE NO. 21-41056-PWB<br><br>CHAPTER: 13<br><br>JUDGE: PAUL W. BONAPFEL |
| BANK UNITED, N.A.<br>MOVANT.<br>V.<br><br>MARIE SERONI MCCONNELL,<br>DEBTOR.<br><br>K. EDWARD SAFIR,<br>TRUSTEE.<br><br>RESPONDENTS. | **CONTESTED MATTER** |

**<u>CONSENT ORDER</u>**

This matter came in front of the Court on the *Motion for Relief from Automatic Stay* of Bank United, N.A.(the "**<u>Movant</u>**") filed July 26, 2022 (Doc. No. 61) (the "**<u>Motion</u>**") to modify the stay of 11 U.S.C. §362 (a) to allow Movant to foreclose on Debtor's real property known as 307 Stewart Dr. SW, Calhoun, Georgia 30701 (the "**<u>Property</u>**"). The Motion was scheduled for hearing October 5, 2022, and notice was provided to Debtor, Debtor's attorney, and Trustee.

Movant and Debtor acknowledge and agree that (1) equity exists in the Property, and (2) the current post-petition delinquency (subsequent to the recent Loan Modification Agreement) is **$2,244.17** [payments (7/1/2022 through 9/1/2022) @ $501.79 = $1,505.37 *less suspense -$299.20* = $1,206.17, plus attorney fees and costs of $1,038.00].

Based on the foregoing agreement, Debtor and Movant AGREE that Debtor will:

(1) resume paying Movant the regular monthly mortgage payment of $501.79, due on the 1st day of each month, beginning with the payment due October 1, 2022;

(2) cure the post-petition delinquency ($2,244.17) over nine (9) months, with the "cure payment" due before or by the 15th day of each month. Debtor shall make 8 equal payments of $250.00, with the first payment due by October 15, 2022, and a 9th/final payment of $244.17 due before or by June 15, 2023; and,

(3) all payments are to be mail to Movant as follows:

**Carrington Mortgage Services, LLC**
**Bankruptcy Department**
**1600 South Douglas Road**
**Anaheim, CA 92806**

It is hereby **ORDERED, ADJUDGED AND DECREED** that for twenty-four (24) months from the entry of this order, upon the delinquency of Debtor in any regular payment or cure payment that comes due after October 1, 2022, as set forth above, Movant may be permitted to recover and dispose of the Property pursuant to applicable state law only after submitting a Delinquency Motion (as more particularly described below) and the entry of an order **modifying** the automatic stay of 11 U.S.C. §362 in the following manner:

(A) Counsel for Movant shall serve Debtor, Debtor's counsel of record and Trustee with written notice of the specific facts of the delinquency (the **"Delinquency Notice"**); said notice may be contained in a letter but shall

(1) state that Debtor may cure the delinquency within ten (10) calendar days of receipt of said notice, and

(2) shall specifically provide the correct street address for mailing or delivering such payment;

Pursuant to this order, Debtor shall be presumed to have received the Delinquency Notice on the fifth (5th) calendar day following the mailing of said notice by Counsel for Movant; provided, however, that

(a) the Delinquency Notice is properly addressed to Debtors at the address set forth on the Distribution List attached to this Order pursuant to BLR 9013-3(c) (2) NDGA, unless Movant or Counsel for Movant receives notice in writing of a change in Debtors' address within a reasonable time prior to mailing of the Delinquency Notice; and

(b) the Delinquency Notice is not returned to Counsel for Movant by the U.S. Postal Service as undeliverable by reason of improper address.

(B) If Debtor fails to cure the delinquency within ten (10) days of receipt of said written notice, Counsel for Movant may present to the Court, after service on the Debtor, Debtor's counsel and Trustee,

(1) **a motion**, which must contain allegations of the specific facts of the delinquency; to be accompanied by an affidavit from Movant setting forth the specific facts of the delinquency;

(2) a copy of the **Delinquency Notice**, together with

(3) a **proposed order** (the motion, copy of the Delinquency Notice and the proposed order are herein collectively referred to as the "**Delinquency Motion**").

Upon the filing of said Delinquency Motion due to default under this Consent Order, Movant agrees that the Trustee shall have twenty (20) days in which to file a motion to convert (due to equity in the property). If no motion to convert is filed after twenty (20) days, the Court may enter an order modifying the stay as to the Property, without further hearing. If the Movant forecloses on the Property, any proceeds remain from the foreclosure sale after application to Movant's lawful indebtedness, fees and foreclosure costs, Movant or its counsel shall promptly forward such excess proceeds that would otherwise be payable to the Debtor to the Trustee while the Debtor remains in bankruptcy. It is further

**ORDERED** that if the stay is modified pursuant to the terms of this order, Trustee shall cease funding Movant's claim in the instant bankruptcy case until further notice from this Court. It is further

**ORDERED** that the Clerk of Court shall serve this Order to the parties on the attached distribution list.

**SO ORDERED.**

**[END OF DOCUMENT]**

**[Signatures of parties on following page]**

Prepared and presented by:

/s/ Laura A. Grifka

Laura A. Grifka, GA Bar No. 312055
MCMICHAEL TAYLOR GRAY, LLC
Counsel for Movant
3550 Engineering Drive, Suite 260
Atlanta, GA 30092
Telephone: (404) 474-7149
E-mail: lgrifka@mtglaw.com

Consented to by:

/s/*Dan Saeger by permission (lag)*

Dan Saeger, GA Bar No. 680628
Saeger & Associates, LLC
706 S. Thornton Ave., Ste. D
Dalton, GA 30720

No opposition by:

/s/ *Brandi L. Kirkland by permission (lag)*

Brandi L. Kirkland, GA Bar No. 423627
Staff Attorney
K. Edward Safir, Chapter 13 Trustee
Suite 1600
285 Peachtree Center Ave. NE
Atlanta, GA 30303

**DISTRIBUTION LIST:**

Laura A. Grifka
MCMICHAEL TAYLOR GRAY, LLC
3550 Engineering Drive, Suite 260
Peachtree Corners, GA 30092

K. Edward Safir
Standing Ch 13 Trustee
Suite 1600
285 Peachtree Center Ave. NE
Suite 1600
Atlanta, GA 30303

Dan Saeger
Saeger & Associates, LLC
706 S. Thornton Ave., Ste. D
Dalton, GA 30720

Marie Seroni McConnell
307 Stewart Dr. SW
Calhoun, GA 30701

# EXHIBIT B




3550 Engineering Drive |Suite 260|Peachtree Corners, GA 30092
Office: 404-474-7149|Fax: 404-745-8121

December 30, 2022

Marie Seroni McConnell
307 Stewart Drive SW
Calhoun, GA 30701-7735

Dan Saeger
Saeger & Associates, LLC
Suite D
706 S Thornton Ave
Dalton, GA 30720

**NOTICE OF DEFAULT UNDER ORDER ENTERED OCTOBER 25, 2022**

RE: Debtor: McConnell, Marie Seroni
Chapter 13, Case No.: 21-41056-pwb
Subject Property: 307 Stewart Drive SW, Calhoun, GA 30701
Date of Issuance of Notice: December 29, 2022
Amount to Cure Default: **$1,251.37**
MTG File No.: 21-000451-05

Dear Ms. McConnell and Mr. Saeger:

Our firm represents Bank United, N.A., by and through its agent, Carrington Mortgage Services, LLC, ("Creditor"), in the above-referenced matter. Please be advised that the Debtor is in default under the terms of the CONSENT ORDER entered into by the Debtor and Bank United, N.A., on October 25, 2022 (the "Order").

The Debtor has failed to make the continuing monthly payment and cure payments required under the Order and the Debtor is delinquent a total of **$1,251.37**, comprised as follows:

| | |
|---|---|
| - Two (02) regular monthly installment payments @ $501.79 each (November 01, 2022, through December 01, 2022) | $ 1,003.58 |
| - Two (02) cure payments @ $250.00 each (November 15, 2022, through December 15, 2022) | $ 500.00 |
| - *Less suspense balance* | *$ (252.21)* |
| **Total amount to cure default** | **$ 1,251.37** |

If additional monthly installment or cure payments become due ***after*** the date of this letter but prior to curing the default, the additional payments must be included in the total delinquency, which amount will be necessary to cure the default.

The Debtor may mail the amount necessary to cure the default to:

**Carrington Mortgage Services, LLC**
**Bankruptcy Department**
**1600 South Douglas Road**
**Anaheim, CA 92806**

Pursuant to the Order, the Debtor has ten **(10)** days from receipt of this Notice to cure the default ***in full***. If the default is not timely cured, the Creditor may file with the Court a Delinquency Motion and proposed Order. Due to possible equity in the Subject Property, the Chapter 13 Trustee has twenty (20) days from the filing of the Delinquency Motion to review the matter; and, if he feels sufficient equity exist, file a Motion to Convert this Chapter 13 to one under Chapter 7. If no motion is timely filed by the Trustee, the Court may enter an order modifying the stay as to the Property, without further hearing.

If the automatic stay is terminated, Creditor thereafter shall be free to enforce any and all of its respective rights, title and interest in and to the aforementioned property, including, but not limited to, foreclosure, in accordance with the provisions of the note and mortgage and the laws of the State of Georgia.

Acceptance of partial payments will not constitute a waiver of Creditor's rights to pursue the default in the event the partial payments are not enough to cure the entire default. Additional attorney's fees incurred by Creditor may be assessed to Debtor due to this default.

A copy of the Order is attached for your review.

GOVERN YOURSELF ACCORDINGLY.

Very truly yours,
/s/ Laura A. Grifka
Laura A. Grifka

LAG/crh

Enclosure

cc: K. Edward Safir
Standing Chapter 13 Trustee
Suite 1600
285 Peachtree Center Ave NE
Atlanta, GA 30303

***THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. IF YOU HAVE RECEIVED A DISCHARGE IN A CHAPTER 7 BANKRUPTCY, WE ARE AWARE YOU ARE NOT PERSONALLY OBLIGATED FOR THIS DEBT AND THIS NOTICE IS FOR INFORMATIONAL PURPOSES ONLY***

**DISTRIBUTION LIST:**

Laura A. Grifka
MCMICHAEL TAYLOR GRAY, LLC
3550 Engineering Drive, Suite 260
Peachtree Corners, GA 30092

K. Edward Safir
Standing Ch 13 Trustee
Suite 1600
285 Peachtree Center Ave. NE
Suite 1600
Atlanta, GA 30303

Dan Saeger
Saeger & Associates, LLC
706 S. Thornton Ave., Ste. D
Dalton, GA 30720

Marie Seroni McConnell
307 Stewart Dr. SW
Calhoun, GA 30701

# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| IN RE:<br><br>MARIE SERONI MCCONNELL,<br><br>DEBTOR. | CASE NO. 21-41056-pwb<br><br>CHAPTER: 13<br><br>JUDGE PAUL W. BONAPFEL |
| BANK UNITED, N.A.<br>MOVANT,<br><br>V.<br><br>MARIE SERONI MCCONNELL,<br>DEBTOR,<br><br>K. EDWARD SAFIR,<br>TRUSTEE.<br><br>RESPONDENTS. | CONTESTED MATTER |

**AFFIDAVIT OF DEFAULT**

STATE OF Texas
COUNTY OF Collin

I, Rosa Chapa, who after being duly sworn, deposes and says the following:

1.

I am over the age of 18 years and am authorized to make this affidavit on behalf of Bank United, N.A.

2.

I am presently employed as a Servicing Agent by Carrington Mortgage Services, LLC, servicer for Bank United, N.A., the holder of the Note and Security Deed. My responsibilities with Carrington Mortgage Services, LLC, include, but are not limited to, determining, and verifying amounts due and payable as to delinquent bankruptcy accounts. I am personally familiar with the Marie Seroni McConnell account.

3.

The facts stated in this affidavit are based upon information that I obtained by reviewing records maintained in the ordinary course of business of loan servicer for Carrington Mortgage Services, LLC and Bank United, N.A. as part of regularly conducted business activity, and/or from information transmitted by person(s) with knowledge of the events described therein, at or near the time of the event described.

4.

The records of Carrington Mortgage Services, LLC and Bank United, N.A. reflect that the Debtor's account is in default, as follows:

| | |
|---|---|
| - Three (03) regular monthly payments @ $501.79 each (December 01, 2022, through February 01, 2023) | $ 1,505.37 |
| - Four (04) additional cure payments @ $250.00 each (November 15, 2022, through February 15, 2023) | $ 1,000.00 |
| - *Less suspense balance* | *$ (252.21)* |
| **Total amount to cure default (through 02/23/2023)** | **$ 2,253.16** |

5.

This Affidavit is being filed due to Debtor's default in payments as required by Consent Order on Motion for Relief from Stay entered on October 25, 2022 (Doc 35). Pursuant to the Order, if the Trustee does not file a Motion to Convert Case to Chapter 7 within twenty (20) days of the filing of the Default Motion, an order lifting the automatic stay will be entered without further notice or hearing.

**FURTHER AFFIANT SAYETH NOT.**

BY: ______________________
Affiant
Name: Bocca Chapa
Title: BK Lead
Company: Bank United, N.A., by and through its servicing agent, Carrington Mortgage Services, LLC
Date: 3/2/2023

STATE OF Texas
COUNTY OF Collin

Sworn to and subscribed before me this 2 day of March, 2023.

______________________
NOTARY
My Commission expires: 3-11-2024

TORI DANNER
Notary Public, State of Texas
Comm. Expires 03-11-2024
Notary ID 130578720